UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JONATHAN JUDWARE,

                                        Petitioner,

                -v.-                                        9: 04-CV-1382
                                                              (TJM)(DEP)

SUPERINTENDENT, Wyoming Correctional Facility,

                                        Respondent.
_____

APPEARANCES:

JONATHAN JUDWARE
Petitioner, *pro se*
02-B-2308
Wyoming Correctional Facility
P.O. Box 501
Attica, New York 14011-0501


THOMAS J. MCAVOY, Senior Judge


**ORDER**

        Jonathan Judware ("petitioner") filed a petition with this Court pursuant to 28 U.S.C.

§ 2254, together with an application to proceed in forma pauperis.  Petitioner is presently

confined at Wyoming Correctional Facility.

        By Order of this Court filed January 14, 2005 ("January Order"), petitioner was

directed to submit an amended petition demonstrating that he had exhausted his available

state court remedies and that his claims were not time-barred.  Dkt. No. 5.  Petitioner's *in

forma pauperis* application was denied without prejudice because petitioner had not

provided the Court with sufficient information regarding his financial status.  *Id*.

        Petitioner has now filed an amended petition[1] (Dkt. No. 7), a renewed *in forma*

_____

        [1] The amended petition is comprised of several documents attached together.  The
pages are not sequentially numbered.  For ease of reference, the Court will refer to the

*pauperis* application (Dkt. No. 6), and a motion requesting release on bail (Dkt. No. 9).

## I.   Amended Petition

The amended petition as drafted is not entirely clear.  Petitioner states that he is challenging a judgment of conviction issued by Onondaga County Court on October 30, 2002.  Petitioner apparently entered a plea of guilty to Criminal Possession of a Weapon in the Third Degree and was sentenced to 2 to 4 years imprisonment.  Dkt. No. 7 at 1.  It appears that petitioner did not appeal from his conviction.  Petitioner seems to state that his right to appeal was waived when he entered a plea of guilty.  *See* Dkt. No. 7 at 13.  On December 30, 2004, petitioner filed a motion pursuant to New York Criminal Procedure Law 440 ("CPL 440 motion") to vacate his judgment of conviction in Onondaga County Court.  That motion is still pending.  Dkt. No. 7 at 3.

### A.   Challenge to underlying conviction

To the extent that petitioner is challenging the judgment of conviction issued by Onondaga County Court on October 30, 2002, this petition is time-barred.

As noted in the January Order, 28 U.S.C. § 2244(d)(1) provides that federal habeas petitions challenging a judgment of a State Court are subject to a one year statute of limitations.  Specifically, 28 U.S.C. § 2244(d) states:

> (1) A one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court.  The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from

_____

documents as one submission, beginning at page 1 and ending at page 33.

filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case it appears that petitioner did not seek state court review of the October 30, 2002 judgment of conviction. Petitioner did not file a notice of appeal with the appropriate state appellate division. *See* N.Y. Crim. Proc. Law § 460.10(1). Thus, absent further information provided by petitioner, the Court will consider the judgment of conviction final at the expiration of thirty days after the judgment of conviction -- specifically, thirty days after October 30, 2002. *See* 28 U.S.C. § 2244(d)(1)(A) (statute of limitations runs from the expiration of time for seeking review). Thus petitioner's conviction appears to have became "final" no later than November 30, 2002 and, therefore, the statute of limitations expired on or about November 30, 2003. Since petitioner filed his first state court challenge -- namely, the CPL 440 motion filed on December 30, 2004 -- **after the statute of limitations had expired**, that challenge would not have tolled the statute of limitations. Consequently, to the extent that petitioner is challenging his October 30, 2002 conviction, the present petition -- which was filed by petitioner on November 24, 2004 -- is time-barred.

### B.    Challenge to the execution of the sentence

Rather than challenging the actual judgment of conviction, it appears more likely

that petitioner is challenging the duration or execution of his sentence.  Petitioner does not allege that the sentence of 2-4 years, when handed down by Onondaga County Court, was illegal or unconstitutional.  Instead, petitioner seems to claim that because of action taken by Syracuse City Court on May 12, 2004, his sentence of 2-4 years was subsequently reduced from its original term of 2-4 years to a term of 1 year.[2]  *See* Dkt. No. 1 at 13-14, 21-22, 25-28.

Petitioner has not exhausted his state court remedies with respect to this challenge to his sentence computation.  The CPL 440 motion which he filed in state court on December 30, 2004 is still pending in that court.  Thus, to the extent that petitioner has any claim available to him in this regard, this Court lacks jurisdiction over petitioner's unexhausted claim.[3]

## II.   *In forma pauperis* application and motion for release

Petitioner requests *in forma pauperis* status and asks this Court to release him on bail or on his own recognizance.  Dkt. Nos. 6 and 9.  In light of the dismissal of the petition, these requests are denied as moot.

WHEREFORE, it is hereby

ORDERED, that this action is dismissed for the reasons set forth above, and it is

---

[2] It appears from the papers presented to the Court that petitioner was originally charged in Syracuse City Court in 2002 with Criminal Possession of a Weapon in the Third Degree but was eventually tried in Onondaga County Court on that charge.  He was convicted in Onondaga County Court, after a plea of guilty, to Criminal Possession of a Weapon in the Third Degree and sentenced **by Onondaga County Court** to a term of imprisonment of 2-4 years.  Dkt. No. 7 at 21-22.  On May 12, 2004, Syracuse City Court dismissed the still outstanding Criminal Possession of a Weapon charges pending against petitioner because those charges were "covered by plea in county court."  *Id*. at 25.

[3] The Court takes no position on the merits of petitioner's claim other than to note that it is not likely that Syracuse City Court would have jurisdiction to amend a judgment of conviction entered by Onondaga County Court.

further

     ORDERED, that petitioner's *in forma pauperis* application (Dkt. No. 6) is denied as moot, and it is further

     ORDERED, that Petitioner's motion to be released (Dkt. No. 9) is denied as moot, and it is further

     ORDERED, that the Clerk serve a copy of this Order on petitioner.

Dated: April 22,2005

Thomas J. McAvoy
Senior, U.S. District Judge